

FILED
CLERK, U.S. DISTRICT COURT

FEB - 6 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

AMADOU LAMINE DIOUF,

          Petitioner,

        v.

MICHAEL B. MUKASEY, et al.,

          Respondents.

)
)
)
)
)
)
)
)
)
)
)

NO. CV 06-7452 TJH (FMO)

**ORDER ADOPTING FINDINGS,
CONCLUSIONS AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE**

## INTRODUCTION

On November 21, 2006, petitioner, through counsel, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"), pursuant to 28 U.S.C. § 2241. Petitioner challenges his detention by the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security ("ICE") for nearly two years while removal proceedings have been pending against him. On February 28, 2007, respondents filed a Return to the Petition ("Return"). Petitioner filed a Traverse and Reply to the Return ("Reply") on March 29, 2007. On May 18, 2007, petitioner filed a Supplemental Memorandum of Points and Authorities in Support of the Petition ("Supp. Mem."). On August 22, 2007, petitioner filed a Supplemental Authority in Support of the Petition. Oral argument was heard on December 5, 2007. On December 7, 2007, petitioner filed a Supplemental Memorandum Regarding Additional Legal Authority.

On December 19, 2007, the Magistrate Judge issued his Report and Recommendation ("R&R"), recommending that the Petition be granted. (R&R at 2 & 20). On January 4, 2008, petitioner filed an "Objection to the Report and Recommendation of Untied States Magistrate

1  Judge" ("Pet.'s Objection"). On January 14, 2008, the government filed its "Objections to Report

2  and Recommendation" ("Govt.'s Objections").

3                                              **DISCUSSION**

4         The Court has considered the government's Objections and finds them to be unpersuasive.

5  It appears that some of the government's Objections mischaracterize the Magistrate Judge's R&R.

6  For example, the government argues that "[t]he [R&R] incorrectly concludes that '[l]ike the

7  petitioner in <u>Nadarajah</u>, petitioner has been detained for nearly two years . . . .' Nadarajah was

8  detained for <u>five years</u>[.]" (Govt.'s Objections at 9) (internal citation omitted).  When the portion

9  of the R&R the government cited is read in context of the entire paragraph, however, it is clear

10  that the comparison made between petitioner's case and that of the petitioner in <u>Nadarajah</u> was

11  not that they were both held for the same period of time, but rather, that both petitioners were held

12  for periods that greatly exceed the six-month period that has been held to be presumptively

13  reasonable under the general detention statutes. (<u>See</u> R&R at 13) ("Under <u>Nadarajah</u>, petitioner's

14  continued prolonged detention is not authorized by the statute under which he is detained.  Like

15  the petitioner in <u>Nadarajah</u>, petitioner has been detained for nearly two years, almost four times

16  longer than the six-month period described by the Ninth Circuit as presumptively reasonable

17  under the general immigration detention statutes."); <u>see</u> <u>also</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678,

18  701, 121 S.Ct. 2491, 2505 (2001) (a post-removal detention period of less than six months is

19  presumptively reasonable and thereafter, the alien must be released if there is no significant

20  likelihood of removal in the reasonably foreseeable future); <u>Nadarajah v. Gonzales</u>, 443 F.3d

21  1069, 1080-81 & n. 4 (9th Cir. 2006) (a "brief" detention of no more than six months is

22  presumptively reasonable for aliens detained under § 1226(c)).

23         In addition, the government maintains that the R&R "erred by not acknowledging" that the

24  filing of a petition for review results in the entry of an automatic stay of removal.  (<u>See</u> Govt.'s

25  Objections at 4-5).  The portion of the R&R cited by the government in support of this contention,

26  however, is not referring to the automatic stay that is entered upon the filing of a petition for

27  review.  Rather, the R&R clearly states that the Ninth Circuit's grant of a <u>motion to stay</u> is not

28

1   automatic and cites to the Ninth Circuit's Order wherein it granted petitioner's motion to stay. (See

2   R&R at 15-16 & n. 9).

3       Finally, regarding petitioner's Objection, petitioner submitted new evidence that was not

4   submitted to the Magistrate Judge, which indicates that petitioner was convicted of possession

5   of less than 30 grams of marijuana. (See Pet.'s Objection, Exh. 16).   A district court has

6   discretion to consider evidence offered for the first time in a party's objections to a magistrate

7   judge's proposed findings and recommendations. Brown v. Roe, 279 F.3d 742, 744 (9th Cir.

8   2002); United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000), cert. denied, 534 U.S. 831, 122

9   S.Ct. 76 (2001) ("[A] district court has discretion, but is not required, to consider evidence

10  presented for the first time in a party's objection to a magistrate judge's recommendation.").

11  Under the circumstances, the Court will exercise its discretion to consider this new evidence.

12  Accordingly, the Court adopts the R&R with the understanding that petitioner's detention is

13  governed by 8 U.S.C. § 1226(a).

14                              **CONCLUSION**

15      Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the

16  Petition, all of the records herein, the Report and Recommendation of the United States

17  Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made

18  a de novo determination of the portions of the Report and Recommendation to which Objections

19  were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate

20  Judge with the understanding that petitioner's detention is governed by 8 U.S.C. § 1226(a).

21  Accordingly, IT IS ORDERED THAT:

22      1.   Judgment shall be entered granting the Petition and ordering petitioner released on

23  the conditions already imposed by the Immigration Judge's Order dated February 9, 2007.

24      2.   The Clerk shall serve copies of this Order and the Judgment herein on the parties.

25  DATED: _____2/6_____, 2008.

26

27                                        _____
                                          TERRY J. HATTER, JR.
28                                        UNITED STATES DISTRICT JUDGE

3