1  GEORGE S. CARDONA
   Acting United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief Civil Division
   ROBERT I. LESTER(CBN 116429)
4  Assistant United States Attorney
   TONY WEST
5  Assistant Attorney General
   Civil Division
6  DAVID J. KLINE
   Director, District Court Section
7  Office of Immigration Litigation
   GJON JUNCAJ (MI SBN P63256)
8  Senior Litigation Counsel
           Office of Immigration Litigation
9          P.O. Box 868, Ben Franklin Station
           Washington, D.C. 20044
10         Telephone: (202) 307-8514
           Facsimile: (202) 233-0397
11         E-mail: Gjon.Juncaj@usdoj.gov

12  Attorneys for "Defendant-Respondents"

13

14                 UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                     WESTERN DIVISION

16

| | |
|---|---|
| 17  AMADOU LAMINE DIOUF, | ) No. CV 06-7452-TJH (FMOx) |
| 18         Plaintiff-Petitioner, | ) |
| 19  | ) **DEFENDANT-RESPONDENTS'** |
|     v. | ) **OPPOSITION TO PETITIONER'S** |
| 20 | ) **MOTION FOR** |
|     | ) **RECONSIDERATION OF** |
| 21  ERIC H. HOLDER, JR., United States | ) **COURT'S ORDER REGARDING** |
|     Attorney General, et al., | ) **8 U.S.C. § 1231(a)(6)** |
| 22         Defendant-Respondents. | ) Honorable Terry J. Hatter, Jr. |
| 23  _____ | ) Date: October 19, 2009 |
| 24 | ) Time: 10:00 a.m. |
|     | ) Courtroom: 17 |

25

26

27

28

**I.**

**INTRODUCTION**

Although Federal Rule of Civil Procedure 59(e) permits a district court to reconsider a previous order, the Ninth Circuit Court of Appeals has properly recognized that reconsideration offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citing 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e), as this motion has presumably been brought under, should only be granted in "highly unusual circumstances." Id.; see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). A Rule 59(e) motion should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the court's order. Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).

The motion for reconsideration filed by Petitioner Amadou Lamine Diouf ("Diouf") is merely an attempt to reassert arguments previously made to this Court, but which were considered and rejected. See Local Rule 7-18 (stating, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."). The only thing allegedly new that Diouf seeks to inject into the Court's consideration is a discussion of the recent decision of Rodriguez v. Hayes, 578 F.3d 1032 (9th Cir. Aug. 20, 2009 ), a non-binding class action certification case that does nothing to disturb the Court's decision and that was otherwise available for presentation to this Court well in advance of its September 9 order. Diouf fails to meet, or even cite, the relevant standards for a motion for reconsideration. See Fed. R. Civ. P. 59(e); C.D. Cal. Local Rule 7-18. Additionally, he has neglected to comply with Local Rule 7-3, which required the conference of counsel prior to the filing of his

1 motion for reconsideration.

2      In sum, Diouf's motion for reconsideration does not present any change in

3 controlling law, new evidence, or clear error, and therefore, should be denied.

4                                            **II.**

5                                        **ARGUMENT**

6 **A.    STANDARD FOR GRANTING A MOTION FOR**

7           **RECONSIDERATION**

8      Diouf's motion is void of any citation to the Federal Rule of Civil Procedure

9 or Local Rule upon which he relies.  He presumably seeks reconsideration under

10 Federal Rule of Civil Procedure 59(e) and Local Rule 7-18.  The relevant standard

11 for reconsideration is steep, and has not been met in this case.  A motion for

12 reconsideration may be made only on the following grounds:

13           (a)  a material difference in fact or law from that presented to

14           the Court before such decision that in the exercise of

15           reasonable diligence could not have been known to the party

16           moving for reconsideration at the time of such decision, or (b)

17           the emergence of new material facts or a change of law

18           occurring after the time of such decision, or (c) a manifest

19           showing of a failure to consider material facts presented to the

20           Court before such decision.  No motion for reconsideration

21           shall in any manner repeat any oral or written argument made

22           in support of or in opposition to the original motion.

23 Central District Local Rule 7-18.  A motion for reconsideration is appropriate only

24 if:  (1) "the motion is 'necessary to correct manifest errors of law or fact upon

25 which the judgment is based'; (2) the moving party presents 'newly discovered or

26 previously unavailable evidence'; (3) the motion is necessary to 'prevent manifest

27 injustice'; (4) there is an 'intervening change in controlling law.'"  Turner v.

28 Burlington Northern Santa Fe Rwy. Co., 228 F.3d 1058, 1063 (9th Cir. 2003)

1   (quoting McDowell v. Calderon, 197 F.3d 1253, 1254 n. 1 (9th Cir. 1999)).

2          Diouf fails to demonstrate he satisfies this burden.

3   **B.     DIOUF'S MOTION FOR RECONSIDERATION FAILS TO**

4          **PRESENT ANY CHANGE IN THE CONTROLLING LAW, NEW**

5          **EVIDENCE, OR CLEAR ERROR, AND THEREFORE SHOULD BE**

6          **DENIED.**

7          Diouf's presentation to the Court of Rodriguez v. Hayes does nothing to

8   meet the standards for reconsideration in this case.[1]  See Petitioner's Motion for

9   Reconsideration ("Pet. Motion") at 1-5.  First, Rodriguez does not change the

10  controlling law applicable to this case, nor does Diouf claim that it does.  See

11  Local Rule 7-18(a).  This is because Rodriguez is only a decision on whether a

12  class of immigration habeas petitioners may be certified.  Rodriguez, 578 F.3d at

13  1037.  It is not a decision on the merits of any habeas claim.  Indeed, the Supreme

14  Court has firmly established that Federal Rule of Civil Procedure 23 does not

15  authorize courts considering class certification to evaluate the merits of a

16  petitioner's underlying claim.  Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177,

17  94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) ("We find nothing in either the language or

18  history of Rule 23 that gives a court any authority to conduct a preliminary inquiry

19  into the merits of a suit in order to determine whether it may be maintained as a

20  class action.").  This unequivocally means that any discussion in Rodriguez

21  regarding the authority to detain any alien – including its discussion of the instant

22  case – must be construed as neither binding nor relevant to the issue remanded for

23  this Court's de novo consideration.

24          The direct order binding on this Court is the one issued by the Ninth

25

26
        _____

27     [1]  Respondents in Rodriguez are presently considering whether they will
    seek further review in the case.  Following the granting of an extension motion, a
28  petition for rehearing is due to be filed in the Ninth Circuit by November 4, 2009.

1  Circuit in Diouf v. Mukasey, 542 F.3d 1222, 1235 (9th Cir. 2008).  The remanded

2  issue properly decided by the Court was whether pursuant to 8 U.S.C.

3  § 1231(a)(6), Diouf was entitled to an individualized bond determination, before a

4  neutral decision maker, to determine the necessity of his prior detention, as

5  opposed to the post-order custody review process that Diouf received pursuant to

6  regulations at 8 C.F.R. § 241, et seq.  Id.  Importantly, the Ninth Circuit ordered

7  that the issue be decided by this Court "in the first instance, with possible

8  additional fact-finding and more focused briefing from the parties, whether Diouf

9  is entitled to an individualized determination, before a neutral decision maker, of

10  the necessity of his detention under § 1231(a)(6)."  Id.  Rodriguez can in no way

11  trump that mandate, nor purport to offer this Court any persuasive reason to

12  reconsider its decision.  This is especially true considering the particularized

13  briefing and evidence submitted by the parties in this case.  This Court was

14  specifically ordered to reach a de novo determination in light of such briefing and

15  evidence.  It has reached that decision.  The subsequent class-certification case of

16  Rodriguez – where the Ninth Circuit was not even considering the merits of a

17  habeas claim, let alone the briefing and evidence considered by this Court –

18  should in no way disturb the correct de novo determination reached by this Court

19  pursuant to the Ninth Circuit's order in Diouf.  Id.

20      Second, Diouf's explanation for not bringing Rodriguez to the Court's

21  attention prior to this Court's decision falls short of demonstrating an "exercise of

22  reasonable diligence," Local Rule 7-18(a), or showing that the case could not have

23  been raised before its decision by supplemental notice to the Court.  Nakatani, 342

24  F.3d at 945.  Counsel for Diouf are the same as that in Rodriguez.  Pet. Motion at

25  2.  Rodriguez was also issued on August 20, 2009, well over two weeks before the

26  Court's September 9, 2009 decision.  Regardless, as discussed above, Rodriguez

27  does not present a basis for reconsidering the Court's order in this case.

28      Finally, Diouf's attempt to utilize Rodriguez as a conduit to reargue his

5

1  case, must be rejected.  Local Rule 7-18 ("[n]o motion for reconsideration shall in

2  any manner repeat any oral or written argument made in support of or in

3  opposition to the original motion.").  Specifically, their reliance on Rodriguez's

4  discussion of Casas-Castrillon v. Department of Homeland Sec., 535 F.3d 942 (9th

5  Cir. 2008) is merely a restatement of arguments already raised and rejected by this

6  Court.  Compare Pet. Motion at 1 (stating Rodriguez "strongly suggest[s] Mr.

7  Diouf is entitled to a bond hearing under Section 1231(a)(6)) (emphasis added)

8  with Petitioner's Supplemental Reply  Brief ("Pet. Supp. R. Br.") at 13 (arguing

9  "the Ninth Circuit's recent decision in Casas-Castrillon strongly suggests that this

10  Court must construe the statute to authorize such hearings.") (citing Petitioner's

11  Supplemental Brief ("Pet. Supp. Br.") at 5-8) (emphasis added).  Diouf also

12  reargues that the Court's decision required consideration of the due process rights

13  of other individuals detained under section 1231(a)(6), such as lawful permanent

14  residents.  Pet. Motion at 3; but see Pet. Supp. R. Br. at 13 (arguing "the Court

15  must construe the statute in light of the constitutional concerns raised by its

16  application to admissible non-citizens generally, not just Mr. Diouf.") (citing Pet.

17  Supp. Br. at 7 -8).  Likewise, citing Zadvydas v. Davis, Diouf argues that the

18  Court's decision is in error because the "basic purpose" of "all immigration

19  detention statutes" is to "assur[e] the alien's presence at the moment of removal."

20  Pet. Motion at 4 (citing 533 U.S. 678, 699, 121 S. Ct. 2491, 2502, 150 L. Ed. 2d

21  653 (2001)).  But this argument is not new.  See Pet. Supp. Br. at 9 (arguing "[i]n

22  the immigration context, the primary purpose of detention must be to ensure the

23  non-citizen's availability for removal proceedings and for removal itself, if the

24  government prevails.") (citing Zadvydas, 533 U.S. at 690).  The argument was

25  also properly rejected by the Court when it explained that Zadvydas itself holds

26  that "the nature of due process protection may vary depending on the status and

27  circumstances of the alien."  Doc. 74 at 3 (citing Zadvydas, 533 U.S. at 694).

28       In sum, Diouf's motion for reconsideration arguments have already been

1  raised, litigated, and properly rejected.  The Court should therefore deny Diouf's

2  request to relitigate these matters where no manifest error in the Court's order has

3  been demonstrated.  Nakatani, 342 F.3d at 945.  Rodriguez can in no way compel

4  a contrary result.

5  **C.     DIOUF'S FAILURE TO COMPLY WITH LOCAL RULE 7-3**

6        An independent basis to deny Diouf's motion for reconsideration lies in his

7  unexplained failure to comply with Central District of California Local Rule 7-3.

8  Local Rule 7-3 requires "counsel contemplating the filing of any motion" to first

9  contact opposing counsel "to discuss thoroughly, <u>preferably in person</u>, the

10  substance of the contemplated motion and any potential resolution."[2] L.R. 7-3

11  (emphasis in original). The rule also imposes a timeline for that meeting:  for

12  motions that must be filed within a certain time period according to the Federal

13  Rules of Civil Procedure, the conference "shall take place at least five days prior

14  to the last day for filing the motion"; all other motions require conference "at least

15  twenty days prior to the filing of the motion." Id.

16        The five day deadline applies to this case.  Although Diouf never specifies

17  under what Federal Rule of Civil Procedure he seeks reconsideration, presumably

18  he does so under Federal Rule of Civil Procedure 59(e), which must be filed "no

19  later than ten days after the entry of the judgment."  This Court's order denying his

20  preliminary injunction request was issued on September 9, 2009.  Diouf  had ten

21  days from that date to file his motion for reconsideration, and was required by

22  Local Rule 7-3 to confer with Respondents' counsel five days prior.  He offers no

23  explanation regarding his failure to do so.

24  ───────────────

25     [2] A motion for reconsideration is not exempt from this requirement. See

26  Local Rule 7-3 (exempting only cases specified in Local Rule 16-12, cases
   connected with discovery motions (which are governed by Local Rule 37-1

27  through 37-4), and applications for temporary restraining orders or preliminary

28  injunctions, which this motion for reconsideration is not).

1    Thus, although the reasons discussed above provide independent and

2    compelling grounds to deny the motion for reconsideration, Diouf's failure to

3    comply with Local Rule 7-3 should also result in a denial of his motion.

4                                       **III.**

5                                  **<u>CONCLUSION</u>**

6    For the forgoing reasons, this Court should deny Petitioner's motion for

7    reconsideration.

8                                    Respectfully submitted,

9    Date: October 2, 2009           GEORGE S. CARDONA
                                      Acting United States Attorney
10                                    LEON W. WEIDMAN
                                      Assistant United States Attorney
11                                    Chief Civil Division
                                      ROBERT I. LESTER(CBN 116429)
12                                    Assistant United States Attorney
                                      TONY WEST
13                                    Assistant Attorney General
                                      Civil Division
14                                    DAVID J. KLINE
                                      Director, District Court Section
15                                    Office of Immigration Litigation

16
                                      /s/ *Gjon Juncaj*
17                                    GJON JUNCAJ (MI SBN P63256)
                                      Senior Litigation Counsel
18                                    Office of Immigration Litigation
                                      P.O. Box 868, Ben Franklin Station
19                                    Washington, D.C. 20044
                                      Telephone: (202) 307-8514
20                                    Facsimile: (202) 233-0397
                                      E-mail: Gjon.Juncaj@usdoj.gov
21
                                      Attorneys for Defendant-Respondents
22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case No. CV 06-7452 TJH (FMOx)

I hereby certify that on this 2nd day of October 2009, true and correct copies of the **Defendant-Respondents' Opposition to Petitioner's Motion For Reconsideration Of Court's Order Regarding 8 U.S.C. § 1231(a)(6)** were served pursuant to the district court's ECF system as to the following ECF filers:

**Ahilan T Arulanantham**
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles , CA 90017
213-977-5211
Fax: 213-977-5299
Email: aarulanantham@aclu-sc.org

**Cecillia D Wang**
ACLU Foundation Immigrants Rights Project
39 Drumm Street
San Francisco , CA 94111
415-343-0775
Email: cwang@aclu.org

**Jayashri Srikantiah**
Stanford Law School
Immigrants' Rights Clinic, Crown Quadrangle
559 Nathan Abbott Way
Stanford , CA 94305-8610
650-724-2442
Email: jsrikantiah@law.stanford.edu

**Monica M Ramirez**
ACLU Immigrants Rights Project
39 Drumm Street
San Francisco , CA 94111
415-343-0775
Email: mramirez@aclu.org

**Peter Bibring**
ACLU Foundation of Southern California
1313 West Eight St
Los Angeles , CA 90017
213-977-9500
Email: pbibring@aclu-sc.org

**Peter J Eliasberg**
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles , CA 90026-5752
213-977-9500
Email: peliasberg@aclu-sc.org

1

2

3

I hereby certify that on this 2nd day of October 2009, true and correct copies of the **Defendant-Respondents' Opposition to Petitioner's Motion For Reconsideration Of Court's Order Regarding 8 U.S.C. § 1231(a)(6)** were served via U.S. Postal Service to the following non-ECF filer:

4

5

6

**Judy Rabinovitz**
ACLU Immigrants' Rights Project
125 Broad Street, 18th Floor
New York , NY 10004
212-549-2618

7

8

9

10

11

12

13

/s/ *Gjon Juncaj*
GJON JUNCAJ
Senior Litigation Counsel
Office of Immigration Litigation,
District Court Section
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28